Daniel Hume (admitted *pro hac vice*)
dhume@kmllp.com
David Kovel (admitted *pro hac vice*)
dkovel@kmllp.com
Beverly Tse (SBN 237240)
btse@kmllp.com
**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

Attorneys for Plaintiffs and
Co-Lead Counsel for the Certified Plaintiff Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>REFORMULATED GASOLINE (RFG) ANTITRUST & PATENT LITIGATION,<br><br>This document relates to:<br>    ALL ACTIONS | MDL Case No. 05-1671 CAS (VBKx)<br>The Honorable Christina A. Snyder<br><br>**Class Action**<br><br>**ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO THE CLASS**<br><br>Appearance Date: August 11, 2008<br>Courtroom:         5 |

WHEREAS, this action is pending before this Court as a class action (the "Federal Court Action"); and

WHEREAS, the Court, having fully read and considered the Motion For Preliminary Approval Of Settlement, supporting Points And Authorities, supporting Declarations, and the Stipulation of Settlement (the "Stipulation" or "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Federal Court Action with prejudice upon the terms and conditions set forth therein;

THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms defined therein shall have the same meaning in this Order as set forth in the Stipulation.

2. The Court finds on a preliminary basis that the Stipulation of Settlement filed and incorporated herein by this reference and made a part of this Order of Preliminary Approval, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court; it further appears to the Court on a preliminary basis, that the Settlement amount is fair and reasonable to Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues and potential appeals of rulings; it further appears that significant discovery, investigation, research, and litigation has been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; it further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation; it further appears that the proposed Settlement has been reached as a result of intensive, serious and non-collusive negotiations between the parties. Accordingly, good cause appearing, the Motion For Preliminary Approval Of Settlement is hereby GRANTED.

3. Consistent with the Court's Order of March 27, 2007 and the definitions provided in the Stipulation Of Settlement, the term "Class" means: "All consumers who purchased CARB-Compliant summertime reformulated gasoline in the State of California at any time during the period from January 1995 to and including August 11, 2005. Excluded from the class are governmental entities, defendants, their [alleged] co-conspirators, along with all of their respective parents, subsidiaries, and/or affiliates, and any and all judges and justices assigned

to hear any aspect of this litigation." Further, the term "Class Members" includes each and every member of the Class who does not timely and validly elect to be excluded from the Class.

4. Consistent with the Court's Order of March 27, 2007, named plaintiffs Caleb Kleppner, Corrine Sealey, Christopher Sheppard, Stephen Buckser, Asher Rubin, Jeffrey Rubin, Corey Rosen, and Gail Harper are hereby appointed and designated, for all purposes, as representatives of the Class ("Class Representatives").

5. Consistent with the Court's Order of March 27, 2008, co-lead counsel Berman De Valerio Pease Tabacco Burt & Pucillo; Finkelstein Thompson LLP; Kirby McInerney LLP; and Pomerantz Haudek Block Grossman & Gross LLP, ("Class Counsel"), are authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

6. The Court further recognizes that other named plaintiffs, specifically, Carlos Lossada, William Jordan, Christopher Lorenzo, and Jennifer Haro, along with their counsel, of the coordinated actions entitled *In re CARB Compliant Gasoline Cases II*, Case No. JCCP 4449 pending in the Superior Court of the State of California, Los Angeles County (the "State Court Action") - having raised substantially similar allegations and purporting to represent a substantially similar class to that certified by the Court - collectively litigated and contributed to the prosecution of this Federal Court Action and negotiation of the proposed settlement. Accordingly, the named plaintiffs in the State Court Action and the

[PROPOSED] ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO THE CLASS
MDL CASE NO. 05-1671 CAS (VBKx)

3

Federal Court Action (collectively, "Plaintiffs"), and their counsel (collectively, "Plaintiffs' counsel" or "counsel for Plaintiffs") are parties to the Stipulation and jointly request approval of the Stipulation in order to effectuate a global settlement.

7. The Court hereby approves, as to form and content, the Notice Of Pendency Of Class Action And Proposed Settlement ("Class Notice") attached as Exhibit 4 to the Declaration of Daniel Hume In Support Of Plaintiffs' Motion For Preliminary Approval Of Settlement. The Court finds that the proposed Publication and dissemination of the Class Notice in the manner and form set forth in the Notice Plan, attached as Exhibit 3 to the Declaration of Daniel Hume, and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and sufficient notice to all persons entitled thereto.

8. The Court hereby appoints Complete Claims Solutions LLC, as "Class Administrator" and hereby directs the Class Administrator to mail or cause to be mailed copies of the Class Notice upon request. Any Class Member may choose to opt out of and be excluded from the Class as provided in the Class Notice by following the instructions for requesting exclusion from the Class that are set forth in the Class Notice. Any such person who chooses to opt out of and be excluded from the Class will not be bound by the Settlement or have any right to object, appeal, or comment thereon. Any written request to opt out must be signed by each such person opting out. Class Members who have not requested exclusion shall be bound by all determinations of the Court, the Stipulation, and any Judgment.

9. A hearing (the "Final Approval Hearing") shall be held before this Court on November 24, 2008 at 10 a.m. at the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, to determine all necessary matters concerning the Settlement, including: whether the proposed settlement of this litigation on the terms and conditions provided for in the Stipulation is fair, adequate, and reasonable and should be

[PROPOSED] ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO THE CLASS
MDL CASE NO. 05-1671 CAS (VBKx)

4

finally approved by the Court; whether a Judgment, as provided in the Stipulation, should be entered herein; whether the plan of distribution of the Settlement Fund contained in the Stipulation should be approved as fair, adequate and reasonable to the Class Members; and to finally approve Fee Awards to Plaintiffs' counsel, including, if necessary, rendering an allocation and division of the aggregate award among Plaintiffs' counsel, Incentive Awards to Plaintiffs, and Expense Awards for reasonably-incurred costs.

10. Any party to this Federal Court Action and the State Court Action, including Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of good faith, fairness, reasonableness, and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, and any Order of Final Approval and Judgment regarding such Settlement, fees and expenses; provided, however, that no person, except Plaintiffs' counsel and counsel for Defendant, shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Class Notice, which conditions are incorporated herein.

11. To the extent permitted by law, pending final determination as to whether the settlement contained in the Stipulation should be approved, the Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the action, shall not institute or prosecute any Released Claims against Defendant or the Released Parties.

12. The Settlement is not a concession or admission, and shall not be used against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Defendant or any of the Released Parties. Whether or not the Settlement is finally approved, neither the Settlement,

[PROPOSED] ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
DIRECTING DISSEMINATION OF NOTICE TO THE CLASS
MDL CASE NO. 05-1671 CAS (VBKX)

1 nor any document, statement, proceeding or conduct related to the Settlement, nor
2 any reports or accounts thereof, shall in any event be:

3     a. Construed as, offered or admitted in evidence as, received as or
4 deemed to be evidence for any purpose adverse to the Released Parties, including,
5 but not limited to, evidence of a presumption, concession, indication or admission
6 by Defendant or any of the Released Parties of any liability, fault, wrongdoing,
7 omission, concession or damage; or

8     b. Disclosed, referred to, or offered or received in evidence against
9 any of the Released Parties in any further proceeding in the Action, or in any other
10 civil, criminal or administrative action or proceeding, except for purposes of
11 settling the Federal Court Action and State Court Action pursuant to the
12 Stipulation.

13     13. As of the date this Order is signed, all dates and deadlines associated
14 with the Federal Court Action shall be stayed, other than those related to the
15 administration of the Settlement of the action.

16     14. In the event the Settlement does not become effective in accordance
17 with the terms of the Stipulation, or the Settlement is not finally approved, or is
18 terminated, canceled, or fails to become effective for any reason, this Order shall
19 be rendered null and void and shall be vacated, and the parties shall revert to their
20 respective positions as of before entering into the Stipulation.

21     15. If the Settlement is approved at the Fairness Hearing, the Court shall
22 enter a Final Order Approving the Settlement and Judgment. The Final Order shall
23 be fully binding with respect to all Class Members who did not request exclusion in
24 accordance with the terms of the Settlement.

25 / / /
26 / / /
27 / / /

28 [PROPOSED] ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
DIRECTING DISSEMINATION OF NOTICE TO THE CLASS
MDL CASE NO. 05-1671 CAS (VBKX)

16. In sum, the dates for performance are as follows:

    a. Last day for filing and serving papers in support of Final Approval of Settlement, along with any applications for Fee Awards, Incentive Awards, and Expense Awards shall be October 27, 2008;

    b. Last day for Class Members to file and serve papers in support of, or in opposition to, Final Approval of Settlement, along with any applications for Fee Awards, Incentive Awards, and Expense Awards shall be November 7, 2008;

    c. Last day for filing and serving papers in response to any objections to Final Approval of Settlement, or in response to any objections to applications for Fee Awards, Incentive Awards, or Expense Awards shall be November 17, 2008;

    d. All putative class members who are eligible to request exclusion and desire to be excluded must contact the Class Administrator on or before November 7, 2008;

    e. The Final Approval Hearing is to be held on November 24, 2008.

17. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Stipulation without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Date: August 14, 2008

          HON. CHRISTINA A. SNYDER
          UNITED STATES DISTRICT JUDGE

[Proposed] Order of Preliminary Approval of Class Action Settlement and Directing Dissemination of Notice to the Class
MDL Case No. 05-1671 CAS (VBKx)

7